IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY KAYE BABYAK )
 )
      Plaintiff, )
 )
 -vs- ) Civil Action No. 18-890
 )
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Tammy Kaye Babyak ("Babyak") previously filed for disability in December of 2012. Eventually, ALJ Pankow issued an Unfavorable Decision in May of 2014. Of relevance to this case, ALJ Pankow determined that Babyak had the residual functional capacity ("RFC") to perform sedentary work with certain limitations. (R. 48) Thereafter, Babyak filed the pending claim, asserting a disability onset of September 29, 2016, her 50th birthday. (R. 13)[1] Babyak submitted a Pre-Hearing Memorandum in this action urging that, in light of the prior determination that she was limited to sedentary work combined with her age, the Medical-Vocational Grids directed a finding of disability. (R. 204) Following a videoconference hearing, which both Babyak and a vocational expert attended, ALJ Perry-Dowell denied benefits. Babyak seeks judicial review of that denial of her claim for a period of disability, for disability insurance

---

[1] Babyak initially alleged an onset date of May 5, 2014, the day of the unfavorable decision referenced above.

1

benefits ("DIB"), and for supplemental security income ("SSI"). Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 11 and 13. For the reasons set forth below, the ALJ's decision is vacated and the case is remanded for further consideration.

## Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by

substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue,* 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ determined that Babyak met the insured status requirements through December 31, 2018 and had not engaged in substantial gainful activity since the alleged onset date. (R. 16) The ALJ also determined that Babyak suffered from several severe impairments. Specifically, the ALJ found that Babyak has: asthma; degenerative disc disease; degenerative joint disease; Type II diabetes mellitus with diabetic peripheral neuropathy; coronary artery disease; and obesity. (R. 16) Those impairments, or a combination thereof, however, do not meet or equal one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 16-17) Further, the ALJ concluded that Babyak had the

RFC to perform light work with a number of limitations. Additionally, the ALJ found that, although she was unable to return to her past work, considering Babyak's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy which Babyak could perform. (R. 20-21) Accordingly, the ALJ denied benefits.

### III. Discussion

(1) Collateral Estoppel – Res Judicata

Babyak urges that ALJ Perry-Dowell erred in failing to give *collateral-estoppel / res judicata* effect to the residual functional capacity assessment made by Judge Pankow in the earlier case. Citing to the decision rendered in *Pieczynski v. Barnhart*, 430 F. Supp.2d 503 (W.D. Pa. 2006), Babyak contends that, because her current claim was filed only 10 months after ALJ Pankow's determination of her RFC, because it involves the same medical issues, and because these medical impairments are worse now than before, the doctrines of *collateral-estoppel* and *res judicata* apply as to the RFC findings. I disagree.

Certainly, "[r]es judicata principles apply to administrative as well as judicial adjudications." *Tobak v. Apfel*, 195 F.3d 183, 185 (3d Cir. 1999) (citations omitted). However, as my colleague thoroughly and persuasively explained in *Zavilla v. Astrue*, Civ. No. 9-133, 2009 WL 3364853, at * 13 (W.D. Pa. Oct. 16, 2009), "the doctrine of *res judicata* does not bind a subsequent ALJ to findings and decisions of an earlier ALJ when a claimant seeks benefits during a subsequent period of time." As the *Zavilla* court noted, the Third Circuit Court of Appeals "has issued two not precedential decisions which have held that earlier findings and decisions of an ALJ are not binding in later

4

proceedings which involve a determination of whether a claimant is disabled for a subsequent period." *Zavilla*, 2009 WL 3364853, at * 13, *citing Carter v. Barnhart*, 133 Fed. Appx. 33, 35 (3d Cir. 2005) (not precedential) (stating that "[t]he affirmative defense of *res judicata* did not bind [the ALJ in the second decision] because the record contained new evidence that was unavailable to [the first ALJ], and because the relief sought was limited to a determination that he was disabled from July 1999, instead of May 1995 as alleged in the earlier application.") and *Clark v. Barnhart*, 206 Fed. Appx. 211, 214-15 (3d Cir. 2006) (not precedential) (stating that "findings by the previous ALJ that [the claimant] was disabled under the Act in 1996 does not prove that [the claimant] has an impairment that prevented him from engaging in any substantial gainful activity which lasted for twelve months prior to October 2002."). See also, *Soli v. Astrue*, Civ. No. 8-3483, 2010 WL 2898798, at *6 (E.D. Pa. July 22, 2010) (stating that, "ALJ Katzman was not bound by the findings therein under the doctrine of *res judicata* because the record before ALJ Katzman included new evidence that was unavailable to ALJ Arrastia and because a later time period was involved."); *Butler v. Colvin*, Civ. No. 15-1923, 2016 WL 2756268, at * 16 (M.D. Pa. May 12, 2016) (acknowledging that an earlier decision by an ALJ is not binding upon a another ALJ in a subsequent disability case) and *Rawl v. Colvin*, Civ. No. 13-1397, 2014 WL 2002441, at * 1 (W.D. Pa. May 15, 2014) (rejecting claimant's contention that res judicata binds a subsequent ALJ by the RFC findings of a prior ALJ).

Babyak's reference to decisions issued by the Sixth Circuit Court of Appeals in *Drummond v. Comm. of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1987), *Albright v. Comm'r. of Soc. Sec.*, 174 F.3d 473 (4th Cir. 1999); and *Lively v. Sec. of Health &*

5

*Human Servs.*, 820 F.2d 1391 (4th Cir. 1987) is unpersuasive as those cases are decisions from outside the Third Circuit and, as such, are not precedential here. "[T]he jurisprudence in those circuits differs from agency policy, decisions of courts within the Third Circuit, and Third Circuit decisions." *Butler v. Colvin*, Civ. No. 15-1923, 2016 WL 2756268, at * 16 (M.D. Pa. May 12, 2016), *citing Clark*, 206 Fed. Appx at 214; *Carter*, 133 Fed. Appx. at 35; *Krokus v. Colvin*, No. 13-389, 2014 WL 31360, at * 2 n. 1 (W.D. Pa. Jan. 2, 2014); *Zavilla*, 2009 WL 3364853 (W.D. Pa. Oct. 16, 2009); AR 00-1(4), 2000 WL 43774 at * 3 (S.S.A.); and AR 98-4(6), 1998 WL 283902, at * 2 (S.S.A.)).

Although the ALJ was not bound by the prior RFC determination, the earlier findings are relevant. In making an RFC assessment, the Third Circuit court instructs the ALJ to consider "all evidence before him." *Burnett v. Comm. of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000), *citing, Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). As the *Zavilla* court noted, "[t]he regulations define evidence as 'anything that [the claimant] or anyone else submits to us or that we obtain that relates to [the claimant's] claim' including '[d]ecisions by any governmental or nongovernmental agency about whether [the claimant is] disabled or blind….'" *Zavilla*, 2009 WL at * 16, *quoting*, 20 C.F.R. § 416.912(b)(5). Given that decisions by government agencies are entitled to substantial weight and must be considered, "[c]ertainly, a prior decision as to a claimant's disability under the Act by the Commissioner is evidence under § 416.912(b)(5) and must be considered by the ALJ when evaluating a claim for benefits." *Zavilla*, 2009 WL at * 16. Consequently, here, ALJ Pankow's prior RFC findings should have been considered by the ALJ in this action. *Id.*, *see also, Krokus v. Colvin*, Civ. No. 13-389, 2014 WL 31360, at * 1, n. 1 (stating that, although the findings by an earlier ALJ lack preclusive effect,

they are nonetheless relevant and should be considered); *Soli v. Astrue*, Civ. No. 8-3483, 2010 WL 2898798, at * (E.D. Pa. July 22, 2010) (stating that, "as another district court in this Circuit has recognized, 'a prior decision as to a claimant's disability under the Act by the Commissioner is evidence under [the applicable regulations] and must be considered by the ALJ when evaluating a claim for benefits.'")

Here, ALJ Perry-Dowell acknowledges Babyak's Pre-Hearing Memorandum, which specifically references ALJ Pankow's findings as determinative given Babyak's age. (R. 13) Yet ALJ Perry-Dowell makes no findings regarding the substance of the 2014 decision. The failure to do so, particularly in light of Babyak's age, constitutes error. *See Zavilla*, 2009 WL at * 15 (stating that "[w]hile the findings regarding Plaintiff's residual functional capacity in the 2002 decision were not binding in the later proceedings, the ALJ erred by failing to explicitly address those findings and not explaining what weight, if any, was given to the 2002 decision.") As such, the decision is not supported by substantial evidence of record and this matter must be remanded to the ALJ to consider and make specific findings regarding the impact of the 2014 decision on Babyak's current application for benefits. *See Zavilla*, 2009 WL at * 16 (stating that "[a]s the ALJ failed to make any findings regarding the 2002 decision, his decision is not supported by substantial evidence. According, matter must be remanded to the ALJ to consider and make specific findings regarding the impact of the 2002 decision on Plaintiff's current application for benefits."); *Soli*, 2010 WL at * 7 (finding that, because the ALJ did not address the prior ALJ's findings, his decision is not supported by substantial evidence and the case must be remanded). On remand, the ALJ should consider and make

7

specific findings regarding the impact of ALJ Pankow's 2014 RFC finding as it relates to the pending application.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KAYE BABYAK | ) | |
|     Plaintiff, | ) | |
| | ) | |
|  -vs- | ) | Civil Action No. 18-890 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
|     Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 17th day of June, 2019, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 13) is DENIED and the Plaintiff's Motion for Summary Judgment (Docket No. 11) is GRANTED. It is further ORDERED that the case is REMANDED for further consideration consistent with the Opinion set forth above.

                                            BY THE COURT:

                                            /s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge